Rev. 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## WILKES-BARRE DIVISION

IN RE:
**James Michael Neil Chance**

CHAPTER 13

CASE NO. **1:22-bk-01893**

**  X  ** ORIGINAL PLAN
**_____** AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

**  0  ** Number of Motions to Avoid Liens
**  0  ** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid **$0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$31,500.00**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 | Month 60 | $525.00 | $0.00 | $525.00 | $31,500.00 |
| | | | | Total Payments: | $31,500.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Credit Acceptance | 2009 Chevrolet Traverse | 7281 |
| M & T Bank | 905 Sherwood Street, Hanover, PA | 2090 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor / Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|
| M & T Bank 905 Sherwood Street, Hanover, PA | $0.00 | | $0.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor / Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|
| **Commonwealth of PA** <br> 905 Sherwood Street, Hanover, PA | **$1,836.76** | **0.00%** | **$1,836.76** |
| **Wells Fargo Mortgage** <br> 905 Sherwood Street, Hanover, PA | **$23,144.00** | **0.00%** | **$23,144.00** |

    E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

    ☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    F. **Surrender of Collateral.** *Check one.*

    ☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

    ☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. <u>Trustee fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney fees.</u> Complete only one of the following options:

        a. In addition to the retainer of **$1,500.00** already paid by the Debtor, the amount of **$3,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

        ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including certain Domestic Support Obligations).**

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § 507(a)(1)(B).** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

Rev. 12/01/18

**4. UNSECURED CLAIMS**

    **A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>** *Check one of the following two lines.*

        ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☑ entry of discharge.
    ☐ closing of case.

**7. DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

Rev. 12/01/18

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    A.    <u>Sale of Real Property</u>

        1. Closing for the sale of **905 Sherwood Street, Hanover, PA** (the "Real Property") shall be completed within **12 months** of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under § 2(B) of the Plan at the closing ("Closing Date").

        2. The Real Property will be marketed for sale by a licensed real estate agent according to industry-standard terms.

        3. At the Closing, it is estimated that the amount of no less than **$1.00** shall be made payable to the Trustee.

        4. Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 2(B) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. § 363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

        5. Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours after the Closing Date.

        6. In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the Real Property shall be deemed terminated and the Trustee shall make no payments to the allowed claims secured by the Real Property under § 2(B).

Dated:  **9/30/2022**

**/s/ Michael A. Cibik, Esquire**
Michael A. Cibik, Esquire, Attorney for Debtor

**/s/ James Michael Neil Chance**
James Michael Neil Chance, Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION**

IN RE: **James Michael Neil Chance**  CASE NO. **1:22-bk-01893**

CHAPTER **13**

## Certificate of Service

I hereby certify that on this date this chapter 13 plan was served on the parties listed below by first class mail or through the CM/ECF system.

Date: **9/30/2022**  /s/ Michael A. Cibik, Esquire
**Michael A. Cibik, Esquire**
Attorney for the Debtor(s)

Borough of Hanover
44 Frederick St
Hanover, PA 17331

Holly K. Liska
Hanover Borough Tax Collector
279 Frederick St.
Hanover, PA 17331-2326

M & T Bank
Attn: Bankruptcy
PO Box 844
Buffalo, NY 14240

Citibank/Sears
Attn: Bnakruptcy
PO Box 790034
St Louis, MO 63179

I.R.S.
P.O. Box 7346
Philadelphia, PA 19101-7346

Pennsylvania Department of Revenue
Bankruptcy Division
PO Box 280946
Harrisburg, PA 17128-0946

Commonwealth of PA
Dept. of Revenue
Bureau of Compliance
P.O. Box 280946
Harrisburg, PA 17128-0946

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Synchrony Bank/ Old Navy
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Credit Acceptance
Attn: Bankruptcy
25505 West 12 Mile Road Ste 3000
Southfield, MI 48034

KML Law Group P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106

Synchrony Bank/Gap
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Hanover Public School District
403 Moul Ave
Hanover, PA 17331

Kohls/Capital One
Attn: Credit Administrator
PO Box 3043
Milwaukee, WI 53201

Synchrony Bank/Lowes
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**WILKES-BARRE DIVISION**

IN RE: **James Michael Neil Chance**　　　　　　　　CASE NO. **1:22-bk-01893**

　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**

## Certificate of Service

(Continuation Sheet #1)

Wells Fargo Mortgage
Att: Written Correspondance Dept
PO Box 10335
Des Moines, IA 50306

York County Assessment & Tax Claim
Offic
28 E Market St Ste 105
York, PA 17401